MARK GORTON (SBN 099312)
THOMAS G. MOUZES (SBN 099446)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA  95814
Phone: 916.321.4444
Fax:     916.441.7597
Email:  mgorton@boutinjones.com
           tmouzes@boutinjones.com

Special Counsel for Chapter 7 Trustee
Kimberly Husted

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>STUART LANSING SMITS,<br><br>　　　　　　　Debtors. | Case No. 2011-34464-A-7<br><br>DC NO.:  TGM-13<br><br>**DECLARATION OF TRUSTEE KIMBERLY HUSTED IN SUPPORT OF MOTION OF TRUSTEE TO APPROVE COMPROMISE**<br><br>Date:       June 2, 2014<br>Time:       10:00 a.m.<br>Location:  Department A, Crtrm 28<br>　　　　　501 I Street, 7th Floor<br>　　　　　Sacramento, CA<br>Judge:      Honorable Michael S. McManus |

I, Kimberly J. Husted, state and declare:

1.　I am the duly appointed Chapter 7 Trustee in the above-entitled matter. The information contained in this declaration is of my own personal knowledge, except to the extent stated on information and belief or where noted that I have acquired the information from other sources including my attorneys. If I was called and sworn, I could and would competently testify to the information as contained in this declaration of my own personal knowledge.

2.　On June 9, 2011, Stuart Smits ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On or about February 8, 2012, the case was converted to

1

DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE COMPROMISE

602162.1

1　Chapter 7 and I was appointed Chapter 7 Trustee.

2　　　3.　I am informed that the Schedules in the Smits bankruptcy case (Docket No. 17) reflect that assets of the bankruptcy estate include at least a 25% member interest in Pacific Coast Exploration, LLC, 100% membership interest in Opaque Investors II, LLC, 9.33% membership interest in Opaque Investors I, LLC and a 0.5% working interest in the oil fields in Kern County discussed below. In addition, as part of a compromise with Michael Phillips approved by this Court (Docket Nos. 244-247, 259), I as trustee acquired all right, title and interest of Michael Phillips in Pacific Coast Exploration, LLC, and all of his right, title and interest of 3 and 1/3% in Opaque Investors I, LLC. I am informed that that Pacific Coast Exploration, LLC and Opaque Investors I, LLC also hold working interest in the oil fields located in Kern County discussed below.

　　　4.　I am informed that effective as of March 27, 2007, Elias D. Bardis aka Elias Bardis ("Bardis"), Debtor and others agreed to and executed that certain Operating Agreement for Opaque Investors II, LLC ("Opaque II"). That Opaque II is a California limited liability company formed for the purpose of investing in a particular oil and gas project in Kern County, California operated by Pacific Coast Exploration, LLC ("Pacific Coast").

　　　5.　I am informed that during September 2008, Bardis filed a complaint in the Superior Court of California, Sacramento County, Case No. 34-2008-00021726, ("Action") against Pacific Coast, Lester Cufaude, Opaque II, and Debtor. The Superior Court stayed the prosecution of the claims of Bardis against Opaque II and Debtor and ordered that they be submitted to arbitration. That Bardis, Debtor and others participated in an arbitration proceeding and that the Final Award in the arbitration awarded Bardis, among other relief, restitution in specified amounts upon his tender (a) to Opaque II of his membership interest therein and (b) to Debtor of his 0.5% oil and gas working interest in the Opaque Property. Bardis made the tenders of interests to Opaque II and Debtor required by the Final Award and ultimately reduced the Final Award to a Judgment Confirming Arbitration Award. Debtor and Opaque II filed a cross-complaint against Pacific Coast, Lester Cufaude, and others in the Action alleging, among other things, that Pacific Coast, Phillips and others are obligated to defend and indemnify Debtor and Opaque and breached their respective fiduciary obligations and defrauded Debtor and Opaque. Trustee and the bankruptcy trustee in

Opaque II became the cross-complainants upon the conversion of the respective Chapter 11 cases and the court authorized the retention of state court counsel by the estates to prosecute the Action.

6. During October 2013, trial was set to commence in the Action in Sacramento Superior Court. I, along with the trustee in the Opaque II bankruptcy case and the cross-defendants in the Action reached a resolution. In the Action, on or about October 15, 2013, I and Trustee Aceituno obtained an agreement stated on the record in the Action for a stipulated judgment in both Trustees' favor and against Pacific Coast Exploration, LLC and Lester Cufaude, jointly and severally, for the full amount of the indemnity of the judgment obtained by Elias Bardis against Stuart L Smits and Opaque Investors II, LLC, plus the sum of $100,000, plus the cost of both Trustees in prosecuting the Action, which judgment would be delayed entry and would become effect if the settlement the subject to this motion is breached. In addition, I am informed the state court in the Action declared that the ownership interests in Pacific Coast Exploration, LLC was as follows: 32.5% Lester Cufaude, 32.5%, Dale Hankins, and 35% the bankruptcy estate of Stuart Smits.

7. In addition, I, along with Trustee Aceituno in the Opaque II bankruptcy case and the cross-defendants in the Action reached a resolution, subject to bankruptcy court approval. The proposed compromise, includes nonparties to the Action, which was also stated on the record in the Action, that is the subject of this Motion, relates to claims, actions, and other actual and/or potential disputes (collectively the "Disputes") among the parties described in the Agreement (collectively referred herein as "Parties") and a potential sale of the oil fields. I, along with Trustee Aceituno, seek approval of the Agreement to Distribute Proceeds And Settlement Agreement and Release Of All Claims ("Agreement"), a true and correct copy of which is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served herewith. The Agreement pertains to the Parties' division of proceeds in connection with the anticipated sale of the Working Interests in the Opaque Project oil field in Kern County, California ("Opaque Project"), in which the Opaque Estate and the Smits Estate have interests. The Agreement is expressly conditioned upon and assumes there will be a sale of the Working Interests in the Opaque Project for the sum of approximately $17,000,000.00, payable in one installment of $7,000,000.00 ("Initial Payment") with the remaining $10,000,000.00

1    ("Royalty Payments") to be paid at a royalty rate of 5% out of future production. Neither Trustee Aceituno nor I seek approval of the sale of the estates' Working Interests in the Opaque Project at this time. At this time, both Trustees seek approval of the Agreement only, which assuming a sale occurs, resolves all differences between the Parties including as to how the Initial Payment and the Royalty Payments will be distributed in connection with the anticipated sale of the estates' interests in the Opaque Project. It is unknown at this point if the buyer will complete the purchase. Further, I am informed that the lessor of the oil fields has sent PCE a notice of default under the lease, which both trustees contend violates the automatic stay.

    8.    I have reviewed the motion for approval of compromise, and I am informed and believe the motion accurately reflects the terms of the Agreement. Although the Agreement is complex, the provisions impacting the Smits Estate and the compromise it is making are straightforward. In summary, and assuming a sale of the entire oil fields and the other conditions are satisfied, the Smits Estate will receive the following under the Agreement:

    a.    $800,000.00 from the Initial Payment.

    b.    35.5% of the Royalty Payments, payable as follows:

        i.    -0- from the first $850,591.71;

        ii.    -0- from the next $622,683.58;

        iii.    -0- from the next $140,845.10; and,

        iv.    35.5% of the remaining $8,385,879.61 in Royalty Payments.

    c.    In addition, I am informed that the Smits Estate which owns 100% of Opaque Investors, II, LLC, and has a membership interest in Opaque Investors, I, LLC, should also participate with distributions provided to those respective entities. I am informed that many of the Smits' creditors are also creditors of Opaque Investors, II, LLC. Upon satisfaction of the conditions precedent, Parties to the Agreement will provide the estate with additional consideration in the form of withdrawals of proofs of claims. I am informed that Mr. Hankins filed an unsecured claim in the amount of $855,000, Claim No. 24, Mr. Cufaude filed an unsecured claim in the amount of $855,000, Claim No. 25, and Pacific Coast Exploration, LLC filed an unsecured claim in the amount of $855,000, Claim No. 26. The Agreement, including the releases therein, does not apply in any

form to Trustee Husted's Proof of Interest filed in the Opaque Estate. Further, assuming the conditions precedent are satisfied including a sale in connection with the Agreement, the Agreement contains releases of claims related to the Action. The claims released pursuant to the Agreement do not include: (a) claims, if any, that arise from, pertain to, or are based upon a breach of the Agreement; and/or (b) claims, if any, that arise from, pertain to, or are based upon the executory obligations imposed by the Agreement.

9. On the advice of my attorneys and after investigation and review, as trustee, I am informed that the settlement provided in the proposed agreement represents a fair and equitable settlement to all concerned and will provide the greatest benefit to the estate in the most expeditious way possible without further costs and expense in the dispute. I am informed and believe that litigation will be expensive to prosecute compared to the proposed resolution, and that collection efforts therein may also be time consuming and difficult.

10. For all of the reasons above, it is my opinion that the settlement is fair to all parties, will end litigation and uncertain collection efforts, and will be of substantial benefit to this estate. I urge the court to approve this settlement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 5 day of May 2014 at Gold River, California.

_____
KIMBERLY HUSTED

DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE COMPROMISE
602162.1